# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**ELIZABETH FINLEY, Individually and**                                            **PLAINTIFF**
**on behalf of the Estate and Wrongful Death**
**Beneficiaries of Thomas Finley, Jr., Deceased**

**V.**                                                                                                      **NO. 3:18-CV-78-DMB-JMV**

**DAVID DYER, et al.**                                                                                     **DEFENDANTS**

## ORDER

On November 22, 2019, JAMAC Logistics, LLC, filed a joint motion for entry of a proposed consent judgment submitted separately to the Court. Doc. #193. The motion represents that JAMAC and the plaintiff have agreed to the entry of the proposed consent judgment and that the judgment "is in the best interest of the parties …." *Id*.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (citations and quotation marks omitted) (citing *Williams v. City of New Orleans*, 729 F.2d 1554, 1559 (5th Cir. 1984) and *United States v. City of Miami*, 664 F.2d 435, 441 (5th Cir. 1981)).

The Court has reviewed the proposed consent judgment and believes that its provisions represent a fair and reasonable factual and legal determination based on the facts of record. The Court also finds that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the joint motion [193] is **GRANTED**. A judgment consistent with the

parties' proposed consent judgment will be entered. Thereafter, the Court of the Clerk shall **CLOSE** this case.[1]

**SO ORDERED**, this 27th day of November, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] A stipulation purporting to dismiss the remaining claims and defendants was filed on November 20, 2019. Doc. #192. To the extent the stipulation was not signed by all parties who have appeared, the document fails to effectuate dismissal. *See* Fed. R. Civ. P. 41. Regardless, it does not prevent the Court from closing this case.